**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

KENNETH A. GOUZE,

      Plaintiff,

v.                                                  Case No.: 12-cv-13179

                                                          Sean F. Cox
COMMISSIONER OF SOCIAL SECURITY,      District Court Judge

      Defendant.                                        Laurie J. Michelson
                                                          Magistrate Judge
_____/

## ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION

Before the Court is Defendant Commissioner of Social Security's ("Commissioner") Objection to Magistrate Judge Laurie J. Michelson's Report and Recommendation. The Court finds that the issues have been adequately presented in the parties' briefs and that oral argument would not significantly aid the decision making process. *See* Local Rule 7.1(f)(2), U.S. District Court, Eastern District of Michigan. The Court therefore orders that the motion will be decided on the briefs. For the reasons that follow, the Court shall **ACCEPT** and **ADOPT** Magistrate Judge Michelson's Report and Recommendation [Docket Entry No. 15].

**BACKGROUND**

On or around January 10 and January 30, 2008, Plaintiff Kenneth Alan Gouze ("Gouze") filed an application for social security disability insurance benefits and an application for supplemental security income, alleging disability beginning on August 15, 2001. (Docket Entry No. 10-2, at 10.) His claims were initially denied by the Commissioner on April 21, 2008. (*Id.*) Gouze filed a written request for a hearing on May 14, 2008. (*Id.*) Gouze appeared *pro se* at the hearing,

which was held before Administrative Law Judge Mary Ann Poulose ("ALJ Poulose"). (*Id.* at 10, 19.) ALJ Poulose thereafter issued an opinion denying Gouze's request for benefits on or around March 23, 2010. (*Id.* at 10–19.) On or around June 4, 2012, the Appeals Council denied Gouze's request for review. (*Id*. at 2–4.)

On July 19, 2012, Gouze filed a Complaint, requesting that this Court review the final decision of the Commissioner, denying his application for benefits. (Docket Entry No. 1.) Thereafter, the parties filed cross-motions for summary judgment, which were referred to Magistrate Judge Michelson for a report and recommendation. (Docket Entry Nos. 3, 12, 14.) On July 16, 2013, Magistrate Judge Michelson filed a Report and Recommendation, recommending that (1) this Court **DENY** the Commissioner's Motion for Summary Judgment; (2) this Court **GRANT IN PART** Gouze's Motion for Summary Judgment and Remand; and (3) pursuant to 42 U.S.C. § 405(g), the decision of the Commissioner be **REMANDED**. (Docket Entry No. 15, at 1, 17.) The Commissioner filed an Objection to Magistrate Judge Michelson's Report and Recommendation on July 30, 2013. (Docket Entry No. 16.)

**STANDARD OF REVIEW**

This Court has original jurisdiction to review the Commissioner's final administrative decision. 42 U.S.C. § 405(g). Judicial review is limited to affirming the Commissioner's conclusions unless the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record. *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). Substantial evidence is met if a "reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004). A reviewing court must consider the evidence in the record as

a whole. *Wyatt v. Sec'y of Health and Human Services*, 974 F.2d 680, 683 (6th Cir. 1992).

The "[c]laimant bears the burden of proving his entitlement to benefits." *Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir.1994). The claimant must first establish the existence of a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months and that his impairments rendered him unable to engage in any substantial gainful employment. *Carpenter v. Comm'r of Soc. Sec.*, No. 08-10279, 2008 WL 4793424, at * 3–4 (E.D. Mich. 2008) (citing 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A), 20 C.F.R. § 416.905(a)). The regulations provide a five step test for claims of disability:

> First, plaintiff must demonstrate that [he or] she is not currently engaged in 'substantial gainful activity' at the time [he or] she seeks disability benefits. Second, plaintiff must show that [he or] she suffers from a 'severe impairment' in order to warrant a finding of disability. A 'severe impairment' is one which 'significantly limits ... physical or mental ability to do basic work activities.' Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent [him or] her from doing [his or] her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent [him or] her from doing [his or] her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001) (citing 20 C.F.R. §§ 404.1520, 416.920); *see also Carpenter v. Comm'r of Soc. Sec.*, No. 08-10279, 2008 WL 4793424, * 3–4 (E.D. Mich. 2008) (citing 20 C.F.R. §§ 404.1520, 416.920).

"If the Commissioner makes a dispositive finding at any point in the five-step process, the review terminates." *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007).

## ANALYSIS

In the Report and Recommendation, Magistrate Judge Michelson recommends that ALJ Poulose failed to adequately develop the record concerning whether Gouze's concentration, persistence, or pace limitations affect his ability to sustain full time employment. (Docket Entry No. 15, at 14–17.) The Commissioner objects to Magistrate Judge Michelson's recommendation, contending that there is substantial evidence, specifically the documents relating to Dr. Tripp and Dr. Navuluri, adequately supporting ALJ Poulose's decision to deny Gouze social security disability benefits and supplemental income, regardless of any error ALJ Poulose may have committed at the hearing. (Docket Entry No. 16.)

Where a claimant is without counsel, incapable of presenting an effective case and unfamiliar with hearing procedures, the ALJ has a "special, heightened duty" to develop the administrative record and ensure a fair hearing. *See Wilson v. Comm'r of Soc. Sec*., 280 Fed. App'x 456, 459 (6th Cir. 2008). To satisfy this duty, the ALJ must "scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts," and must be "especially diligent in ensuring that favorable as well as unfavorable facts and circumstances are elicited." *Lashley v. Sec. of Health and Human Servs*., 708 F.2d 1048, 1052 (6th Cir. 1983) (internal quotations omitted). Whether an ALJ has satisfied his "special, heightened duty" to develop the record is determined on a case-by-case basis. *See Osburn v. Apfel*, 182 F. 3d 918, 1999 WL 503528, at *7 (6th Cir. 1999) (internal citation omitted).

ALJ Poulose did not fulfill her responsibility to develop the record in this case. Gouze was only superficially questioned about his daily activities and limitations. Although there is no bright line test to be applied, courts have recognized that, "[f]ailure by an ALJ to fully develop the factual record in a particular matter is often evidenced by superficial or perfunctory questioning, as well as

a failure to obtain all available medical records and documentation." *Vaca v. Comm'r of Soc. Sec.*, No. 1:08-cv-653, 2010 WL 821656, at * 6 (W.D. Mich. Mar. 4, 2010). "Superficial questioning of inarticulate claimants or claimants with limited education is likely to elicit responses which fail to portray accurately the extent of their limitations." *Lashley*, 708 F.2d at 1052. "More probing questioning concerning how often [his activities are] . . . attempted, how long he is capable of sustaining the activit[ies], and what adverse consequences he suffers as a result of the activit[ies] would undoubtedly have provided more probative information concerning his physical limitations." *Id.*

The evidence relating to Dr. Tripp and Dr. Navuluri does not cure the deficiencies with regard to the line of questioning employed by ALJ Poulose. The error was not harmless, instead ALJ Poulose's superficial questioning deprived Gouze of a full and fair hearing. Accordingly, the Court holds that a remand is necessary.

## CONCLUSION AND ORDER

**IT IS ORDERED** that the Court **ADOPTS** and **ACCEPTS** Magistrate Judge Michelson's Report and Recommendation [Docket Entry No. 15].

**IT IS SO ORDERED**.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  August 13, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 13, 2013, by electronic and/or ordinary mail.

S/Jennifer McCoy
Case Manager